**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDIA HOLDINGS LIMITED;<br><br>     Petitioner,<br><br>  v.<br><br>YICHAO YANG;<br><br>     Respondent. | Civil Action No. 1:24-cv-4018 |

## PETITION TO CONFIRM ARBITRATION AWARD
## AND ENFORCE FOREIGN JUDGMENT

Petitioner Media Holdings Limited ("Petitioner") applies to this Court pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, for an order, and entry of judgment thereon, confirming the Hu Mao Zhong Cai Zi No. 1118 Arbitral Award ("Award") issued by an international arbitration tribunal appointed by Shanghai International Economic and Trade Arbitration Commission ("SHIAC"), dated October 18, 2022, in favor of Petitioner and against Respondent Yichao Yang ("Yang") and other parties. In support of this application, Petitioner states as follows:

### INTRODUCTION

1. This is an action to confirm an arbitration award from China for use in New York.

2. Petitioner seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 207, confirming the Award and entry of judgment thereon.

### PARTIES

3. Petitioner Media Holdings Limited is incorporated in the Cayman Islands.

4.      Upon information and belief, Respondent Yichao Yang is a citizen of China and may have a legal or equitable interest in property in New York.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards.

6.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 because the parties' arbitration agreement and the enforcement of the Award falls under the terms of the Convention on the Enforcement and Recognition of Foreign Arbitral Awards, and the place of the arbitration was in China.

## FACTS

### I.      Background

7.      This Award arose from Tibet Yuansida Consulting Service Co., Ltd., Tibet Yuanyida Consulting Service Co., Ltd., Tibet Yuan'aoguda Consulting Service Co., Ltd., Jianfeng Xu, and Yang's (collectively, "Respondents") breach of investment agreements relating to Petitioner, ASEAN CHINA INVESTMENT FUND (US) III L.P., and ASEAN China Investment Fund III L.P.'s (collectively, "Applicants") equity purchase in Yuanyu Advertising China Co., Ltd. ("Yuanyu"). *See* **Exhibit A** at 88–90.[1]

8.      On November 24, 2020, after Respondents transferred equity of Yuanyu's core asset, without the consent of Applicants, and failed to perform their equity repurchase obligations,

---

[1] All exhibit page numbers reference the page number of the pdf exhibit, rather than the page numbers found on the original documents.

as required by the parties' agreements, Applicants applied to SHIAC for arbitration against Respondents. *See* **Exhibit A** at 85, 94–95, 148.

9.      Attached as **Exhibit B** is a true and correct copy of and a duly certified copy of the investment agreement (the "Agreement") containing the arbitration clause under which the arbitration occurred. *See* **Exhibit A** at 83; *see generally* **Exhibit B**.

10.      The Agreement (translated into English) provides as follows:

> The Original Agreements and this Supplementary Agreement III shall be governed by and construed in accordance with the laws of China. Each party further expressly agrees that any dispute arising out of or in connection with the Original Agreements or this Supplementary Agreement III, as well as the breach, termination and invalidity of this Agreement, shall be resolved by all parties through amicable negotiation. If negotiation fails, it shall be submitted to the Shanghai International Economic and Trade Arbitration Commission for arbitration in accordance with its arbitration rules in effect at that time:
> (a) The arbitration shall be conducted in Shanghai;
> (b) The language of arbitration shall be Chinese;
> (c) Reasonable costs incurred to resolve the dispute shall be borne by the losing party,
> including but not limited to arbitration fees and attorneys' fees;
> (d) The arbitration award made by the arbitral tribunal shall be final and binding on both parties.

**Exhibit B** at 19.

## II.      Arbitration Proceedings

11.      The arbitration was conducted in Shanghai, China, and the arbitration procedure was governed by SHIAC Arbitration Rules that were effective as of January 1, 2015. *See* **Exhibit A** at 85–86.

12.      On June 17, 2021 the Secretariat of SHIAC ("Secretariat") held an arbitration hearing, at which the parties were represented by counsel. *See* **Exhibit A** at 86.

13.     During the hearing, Applicants "stated the arbitration request and the facts and reasons on which it was based, and . . . Respondent[s] issued [their] defense opinions in court." **Exhibit A** at 87. The Applicants also "gave evidence and explanations, and . . . Respondent[s] issued cross-examination opinions; all parties answered the questions raised by the arbitral tribunal, debated and made final statements." **Exhibit A** at 87.

14.     After the hearing, but before the Secretariat rendered the Award, the parties submitted additional information to the Secretariat. *See* **Exhibit A** at 87.

### III.   __The Award__

15.     On October 18, 2022, the Secretariat issued its ruling and award, a true and correct copy of and a duly certified copy of which are attached as **Exhibit A**.

16.     In relevant part, the ruling requires Respondents, within 20 days from the date of the Award, to:

   a.  Repurchase all equity Applicants hold in Yuanyu and jointly and severally pay the equity repurchase price to the Applicants. **Exhibit A** at 184–85. It lays out that the "equity repurchase price should be calculated according to the following formula: USD \$40,274,251.48 x (1+18%) ^ (the difference in days between the date of actual payment by [Respondents] and August 8, 2017/365)." **Exhibit A** at 185.

   b.  Pay liquidated damages to the Applicants based on the loan market quotation rate "for the same period on a daily basis starting from November 10, 2020, based on the payable and unpaid equity repurchase price calculated according to" the formula provided in ¶ 16. **Exhibit A** at 185. It provides that the loan market quotation rate shall be based on the rate for the same period—meaning November 10, 2020 to the

date of payment—published by the National Interbank Funding Center authorized by the People's Bank of China. **Exhibit A** at 179.

    c.    Jointly and severally pay the Applicants' attorney fees (RMB 1,325,000), translation fee (RMB 4,082), notary fee (USD $4,960), guarantee fee (RMB 100,000), property preservation application fee (RMB 5,000), and arbitration fee (RMB 3,887,857). **Exhibit A** at 186.

17.    On December 20, 2022, Shanghai First Intermediate People's Court granted Applicants' application for enforcement against Respondents. *See* **Exhibit C**.

18.    The Award has not been set aside or suspended by a competent authority of the country in which, or under the law of which, the Award was made. **Exhibit D** ¶ 4.

19.    As of the date of this Petition, Respondents, including Yang, have failed to comply with the Award. **Exhibit D** ¶ 5.

20.    Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years of October 18, 2022, the date on which the Award was made.

<u>**COUNT I**</u>
**(Confirm Arbitration Award Under the Federal Arbitration Act)**

21.    Petitioner repeats and realleges paragraphs 1 through 20 as if fully set forth within.

22.    The United States is a contracting party to the New York Convention, subject to the reciprocity reservation set forth in Article I of the New York Convention.

23.    The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act.

24.    The Award is governed by the New York Convention because it was rendered in China, a signatory to the New York Convention, and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

25.     The Federal Arbitration Act provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

26.     None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Award.

27.     Therefore, the Award should be confirmed pursuant to 9 U.S.C. § 207, and judgment should be entered for the relief awarded therein. The portion of the Award provided for in RMB should be converted to United States dollars prior to entry of judgment.

28.     By reason of the foregoing, the court should issue an order confirming the arbitration award attached hereto as **Exhibit A** by SHIAC and direct that judgment be entered thereon.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Petitioner respectfully requests that this Court:

1.     Issue an order pursuant to 9 U.S.C. § 207 confirming the Award and entering a judgment thereon in favor of Petitioner and against Yang.

2.     Award Petitioner such other and further relief as this Court deems just and proper.

Submitted this 24th day of May, 2024.

/s/ Daniel D. Adams
Daniel D. Adams (N.Y. Bar No. 4785978)
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
Clint S. Morse (*pro hac vice* forthcoming)
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3109
Fax: (336) 232-9109
dadams@brookspierce.com

*Counsel for Petitioner*