UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDIA HOLDINGS LIMITED,

Petitioner,

-v-

YICHAO YANG,

Respondent.

24-CV-4018 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Petitioner Media Holdings Limited ("Petitioner" or "Media Holdings") applies for attorney's fees incurred in compelling non-party Baozhu Li ("Li") to provide discovery related to a brokerage account held in Li's name and prosecuting Li's noncompliance with this Court's order compelling the same. For the reasons that follow, Petitioner's unopposed application for attorney's fees is granted.

## I. Background

The Court assumes familiarity with the underlying facts and procedural history of this case, as set forth in its June 30, 2026 order. (*See generally* ECF No. 65.) As relevant here, on November 13, 2024, the Court confirmed a $103,038,846.26 arbitration award in favor of Media Holdings against Respondent-Judgment Debtor Yichao Yang ("Debtor" or "Yang"). (*See* ECF No. 37.) Media Holdings thereafter began eliciting discovery from third parties in an effort to collect that judgment. (*See* ECF No. 39 at 3.) Eventually, Media Holdings discovered a brokerage account at Interactive Brokers, LLC that contained assets belonging to Yang, despite being held in Li's name. (ECF No. 65 ¶ 4.) On May 29, 2025, Media Holdings moved for turnover of that account. (*See* ECF No. 38.)

After Li, who resides in Shanghai (*see* ECF No. 52-1 at 12), appeared in this action through counsel (*see* ECF No. 41), Media Holdings served her with discovery requests on September 3, 2025 (*see* ECF No. 49-1 at 1-5). On October 24, 2025, Li responded, but she submitted only two pages of interrogatory responses and a single document in response to Petitioner's various requests for production. (*See id.* at 6-14.) Li also refused to sit for a deposition. (*See* ECF No. 52-1 at 12.) Following a meet-and-confer on Li's patently deficient and demonstrably false responses, Media Holdings served Li with a second set of requests for production and a request for inspection pertaining to data stored on her personal electronic devices on November 12, 2025. (*See* ECF No. 49-2.) Li refused to comply with either request on the ground that the requests were "intrusive." (ECF No. 49 at 3.) After another round of conferral between counsel, Media Holdings moved for a pre-motion discovery conference to address the continued deficiencies in Li's discovery on December 12, 2025. (*See* ECF No. 47.) The Court held that conference on January 13, 2026. (*See* ECF No. 53.)

On March 16, 2026, the Court entered an order compelling Li to provide adequate responses to Petitioner's outstanding discovery requests within thirty days. (*See* ECF No. 55.) Li made no effort to comply with the Court's March 2026 order. (*See* ECF No. 60 at 1.) On May 19, 2026, Media Holdings filed a letter motion seeking a conference to address the need for sanctions in light of Li's willful disregard of the Court's discovery order. (*Id.*) The Court then held a conference at which Li did not appear—despite receiving notice of the hearing and the possibility that the Court may impose sanctions against her. (*See* ECF No. 61.) Media Holdings then filed a proposed order imposing sanctions on Li, which the Court adopted. (*See* ECF Nos. 64, 65.) In that order, the Court determined that, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Li "must pay the reasonable expenses, including attorney's fees, caused by her

refusal to comply with discovery." (ECF No. 65 ¶¶ 71-72.) The Court also directed Media Holdings to "file a fee application and supporting materials." (*Id.* at 17.)

On July 20, 2026, Media Holdings filed its application for attorney's fees (ECF No. 66 ("App.")), accompanied by a supporting declaration and two invoices with attorney time entries (ECF No. 67; ECF No. 67-1). Counsel for Petitioner certified that the motion and supporting documents were "mailed to Baozhu Li via Priority Mail International." (App. at 8.) After Li failed to file an opposition to the application, the Court twice warned Li—on August 5, 2026, and August 18, 2026—that continued failure to oppose would lead the Court to deem the application unopposed. (*See* ECF Nos. 68, 69.) To date, Li still has not filed an opposition to Petitioner's application. Accordingly, the Court deems Petitioner's application unopposed.

## II. Legal Standard

This Court has "discretion to determine . . . what constitutes a reasonable fee," *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir.1998) (quotation marks omitted), so long as the Court "abide[s] by the procedural requirements for calculating those fees" that the Second Circuit and the Supreme Court have articulated, *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Second Circuit and the Supreme Court apply the "lodestar" method, which establishes that "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a presumptively reasonable fee." *Millea*, 658 F.3d at 166 (quotation marks omitted); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010) (describing the "virtues" of the lodestar method).

A reasonable hourly rate is one "a paying client would be willing to pay." *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019). A rate is generally reasonable where it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). To allow the Court to determine the reasonable number of hours required by the case, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). These applications should exclude "[h]ours that are excessive, redundant, or otherwise unnecessary." *Id.* (quotation marks omitted).

**III. Discussion**

Media Holdings requests $39,975.50 in attorney's fees and costs incurred as a result of Li's refusal to comply with third-party discovery. (App. at 7.) In support of its application for attorney's fees, Media Holdings filed a declaration listing the three Brooks, Pierce, McLendon, Humphrey & Leonard, LLP ("Brooks Pierce") attorneys staffed on its case, their experience, and their hourly rates. (*See* ECF No. 67 ¶¶ 4-6.) Specifically, Media Holdings seeks attorney's fees for Attorneys Daniel D. Adams, Clint Morse, and Kate Giduz. (*Id.*) Adams and Morse are partners at Brooks Pierce, each with over a decade of experience in complex civil litigation and several honors and recognitions from national publications. (*Id.* ¶¶ 4-5). Giduz graduated from law school in 2023 and has experience in complex civil litigation, including collection matters from foreign arbitral awards. (*Id.* ¶ 6.) Media Holdings also filed two invoices reflecting 36.2 partner hours billed between $530 and $620 per hour and 55.3 associate hours billed between $315 and $350 per hour. (*See* ECF No. 67-1 at 2-14.)

The Court concludes that the requested rates are reasonable, as they coincide with or are less than the prevailing market rate for attorneys of comparable skill, experience, and reputation. *See, e.g.*, *Access Bio, Inc. v. Div. 5 Labs, Inc.*, No. 23-CV-4820, 2024 WL 3084990, at *2 (S.D.N.Y. June 20, 2024) (finding reduced hourly rate of $800 for law firm partner reasonable);

*Palmco Admin., LLC v. Flower Payment, Inc.*, No. 23-CV-7409, 2025 WL 727413, at *5 (S.D.N.Y. Mar. 6, 2025) (finding reduced hourly rate of $750 for partner reasonable); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-CV-5262, 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024) (finding hourly rates between $300 and $350 reasonable for associates); *Rubenstein v. Advanced Equities, Inc.*, No. 13-CV-1502, 2015 WL 585561, at *6-7 (S.D.N.Y. Feb. 10, 2015) (finding $350 hourly rate for first-year associate reasonable).

Additionally, the Court concludes that the time spent prosecuting Li's non-compliance was reasonable and not duplicative. Brooks Pierce's invoices provide detailed descriptions of the work that its attorneys performed on this case. As these invoices document, this case required significant time as a result of Li's rampant non-compliance with the Federal Rules and this Court's explicit directives, as well as the legal and practical obstacles inherent in collecting judgments arising from foreign arbitral awards. These factors necessitated filing several pleadings, attending and preparing for several conferences with the Court, and engaging in several rounds of discovery and conferrals with Li and her counsel. (*See* ECF Nos. 47, 49-1, 49-2, 51, 53, 60, 64, 66, 67.) Given the detailed "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done," *N.Y. St. Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), and the Court's "own familiarity with the case . . . and its experience generally," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992), the Court therefore concludes that the time spent prosecuting Li's noncompliance was reasonable and not duplicative.

Accordingly, Petitioner's application for attorney's fees is granted.

## IV. Conclusion

For the foregoing reasons, Petitioner's application for attorney's fees in the amount of $39,975.50 is GRANTED.

Baozhu Li is hereby ordered to pay the amount of $39,975.50 in attorney's fees to Petitioner Media Holdings Limited.

The Clerk of Court is directed to terminate the motions at ECF Nos. 38 and 66 and to enter a judgment for attorney's fees against Baozhu Li and in favor of Petitioner Media Holdings Limited in the amount of $39,975.50.

SO ORDERED.

Dated: September 4, 2026
New York, New York

J. PAUL OETKEN
United States District Judge